(175 App. Div. 898)

## In re QUINBY et al.

(Supreme Court, Appellate Division, Second Department.　October 6, 1916.)

INSANE PERSONS ⬤⟿39—COMMITTEE.

　　Where a widow, with her brother's concurrence, petitioned for the appointment of a certain person as a substitute committee of the person and estate of their sister, an incompetent, and where the proposed committee had acted as legal adviser of the former committee, and might be exposed to the embarrassment of representing conflicting interests on an accounting by the former committee's estate, the appointment of a stranger was not an abuse of the court's discretion, though ordinarily the committee of an incompetent is one of the kin or family, or one upon whom they agree, and not a stranger not proposed by any relative.

　　[Ed. Note.—For other cases, see Insane Persons, Dec. Dig. ⬤⟿39.]

Appeal from Special Term, Kings County.

Application by Mary G. Quinby and John M. Sneden, for the appointment of a committee of the person and estate of Julia T. Sneden, an incompetent person. From an order resettling the prior order, denying petitioner's application for the appointment of Alfred Opdyke, as successor committee, and appointing John T. McGovern, Mary G. Quinby and John M. Sneden, appeal. Order affirmed.

Argued before JENKS, P. J., and CARR, MILLS, RICH, and PUTNAM, JJ.

George W. Wingate, of New York City (John E. Miller, of New York City, on the brief), for appellants.

Meier Steinbrink, of Brooklyn, for respondent McGovern.

PER CURIAM. Ordinarily the committee of an incompetent is one of the kin or family of the lunatic, or one upon whom they agree, and such committee of the person is not intrusted to a stranger not proposed by any relative. On Mr. Quinby's decease the widow (sister of the incompetent), with her brother's concurrence, petitioned for Mr. Opdyke's appointment as substitute committee of the person and of the estate. This recommendation was in view of Mr. Opdyke's having acted as legal adviser of the committee in this trust. His character

---

and capacity stand unquestioned. Under his wise management the estate has grown to about $819,000. However, as Mr. Quinby's estate has to account as such committee in respect to matters largely in Mr. Opdyke's hands, the learned Justice at Special Term apparently thought that to appoint Mr. Opdyke might expose him to the embarrassment of representing conflicting interests on such accounting. We cannot say that this conclusion followed by naming Mr. McGovern was an abuse of discretion.

The order appealed from is affirmed, without costs.